[Cite as *Arch Bay Holdings, L.L.C. v. Brown*, 2012-Ohio-4966.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

ARCH BAY HOLDINGS, LLC : 
SERIES 2010A

       Plaintiff-Appellee :        C.A. CASE NO.   25073

v. :        T.C. NO.   11CV1960

DANIEL LEE BROWN, et al. :       (Civil appeal from
                Common Pleas Court)

       Defendant-Appellant :

:

. . . . . . . . . .

**O P I N I O N**

Rendered on the    26th    day of    October   , 2012.

. . . . . . . . . .

PATRICK D. HENDERSHOTT, Atty. Reg. No. 0062447 and ERNEST D. DUCEY, Atty. Reg. No. 0016715, P. O. Box 1252, Perrysburg, Ohio 43552
       Attorneys for Plaintiff-Appellee

DANIEL LEE BROWN, 3624 Camelot Road, Dayton, Ohio 45426
       Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

      **{¶ 1}** This matter is before the Court on the pro se Notice of Appeal of

Daniel Lee

Brown, filed December 15, 2011.   Brown appeals from the trial court's Judgment Entry and Decree in Foreclosure, dated February 13, 2012.    We hereby affirm the judgment of the trial court.

{¶ 2}    On March 15, 2011, Arch Bay Holdings, L.L.C. - Series 2010A ("Arch Bay") filed its Complaint in Foreclosure against Brown, asserting that it is the holder of a Note executed by Brown on or about May 18, 2000, in the amount fo $74,900.00 plus interest, and that Brown is in default on the Note.   Arch Bay alleged that the Note is secured by a Mortgage, which constitutes a valid first lien on real property located at 3624 Camelot Road, in Dayton.   Arch Bay also asserted that "it will be necessary for additional sums to be advanced during the pendency of the action for taxes, assessments, insurance and/or necessary expenditures for the protection of the property and under the terms of said Mortgage said expenditures are the obligation" of Brown.   Attached to the Complaint is a copy of the Note, which identifies Aames Funding Corporation, DBA Aames Home Loan as the lender.   Copies of several documents relating to various assignments of the Note are also attached, as well as a copy of the Mortgage, which refers to the Note and identifies Aames Funding Corporation, DBA Aames Home Loan, as the lender, and which indicates that it was filed for record on June 23, 2000.   Arch Bay also filed a Preliminary Judicial Report on March 15, 2011.

{¶ 3}    Brown filed an Answer and Counterclaim, in which he requested $125,000.00 in compensatory damages "for the filing of a wrongful foreclosure, Intentional Infliction of emotional distress, Negligent infliction of emotional distress and Unfair Business Practices and punitive damages."

{¶ 4}    Arch Bay filed a motion for summary judgment on May 5, 2011. Attached to the motion is the affidavit of Susan Leduc, which provides that she is a Foreclosure Specialist for Marix Servicing as Servicing Agent for Arch Bay, and provides that Arch Bay is the "record holder of the Note and Mortgage" at issue. Also attached to the motion are: (1) a copy of an assignment of mortgage, recorded May 9, 2003, from Aames Funding Corporation, DBA Aames Home Loan, to Aames Capital Corporation; (2) a copy of an assignment of mortgage, recorded May 9, 2003, from Ames Capital Corporation, DBA Aames Home Loan, to Bank One, National Association, as Trustee; (3) a copy of an assignment of mortgage, recorded December 18, 2009, from Bank One, National Association, as Trustee, to Residential Funding Real Estate Holdings, L.L.C.; (4) a copy of an assignment of mortgage, recorded March 9, 2011, from Residential Funding Real Estate Holdings, L.L.C. to Arch Bay. Each assignment is notarized and provides that it transfers both the Mortgage and the Note. Arch Bay also filed a Final Judicial Report on May 5, 2011.

{¶ 5}    On May 18, 2011, Arch Bay filed a motion to dismiss Brown's counterclaim or alternatively for a more definite statement. On September 19, 2011, Arch Bay filed another affidavit of Susan Leduc, which provides in part that she "has access of and has actual and personal knowledge of the file and loan history in question and has personally reviewed the documents, records or other data relied upon to make the statements contained in this Affidavit." The affidavit states that Arch Bay "acquired the actual possession of the original Note in question" on May 3, 2010.

{¶ 6}    In opposing the motion for summary judgment, Brown asserted that there is no evidence that the Note and Mortgage were assigned to Arch Bay, and that Arch Bay is not

the real party in interest and lacks standing to foreclose. Brown attached an affidavit that provides in part that he owns the property at issue and "has never entered into any type of an agreement" with Arch Bay.

{¶ 7}     On November 30, 2011, the trial court sustained the motion for summary judgment and dismissed Brown's counterclaim.   The court reasoned as follows:

> In *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* [194 Ohio App.3d 644, 2011-Ohio-2681, 957 N.E.2d 790], the Second District held that any lack of standing as the real party in interest can be cured by filing the assignment of the mortgage ***before*** final judgment.   Therefore, even if Plaintiff Arch Bay had failed to file its Complaint in the name of the real party in interest, that error could be remedied before judgment.
>
> More importantly, Plaintiff Arch Bay's March 15, 2011 Complaint in Foreclosure ***correctly*** identified itself as Plaintiff herein, as confirmed by simple review of (1) the documentation attached to the Complaint and (2) the Affidavit of Susan Leduc attached to Plaintiff Arch Bay's motion for summary judgment.   That documentation, including Ms. Leduc's affidavit, conclusively demonstrates that Plaintiff Arch Bay was properly the holder of the mortgage at the time it filed suit on March 15, 2011.
>
>          * * *

Regarding Brown's counterclaim, the court determined that he "failed to plead ***any*** facts to support these naked claims."

{¶ 8}     Brown filed a notice of appeal from the grant of summary judgment.   This

Court ordered Brown to show cause why his appeal should not be dismissed for lack of a final appealable order, since the trial court had not entered a decree of foreclosure. After Brown filed a response, this Court dismissed the appeal, concluding that the order of November 30, 2011 "did not include a clear pronouncement of the trial court's judgment and relief granted, nor did it enable the parties to refer to the entry and determine their responsibilities and obligations."

{¶ 9} In its subsequent Judgment and Decree in Foreclosure, the trial court found as follows:

* * * that the Mortgage was filed for record on June 23, 2000 and recorded in Volume 00-06288, page 0010 and that Plaintiff is the owner and holder of said Mortgage through the Assignments of Mortgage filed May 9, 2003 as Volume 03-067301, page 0002 and Volume 03-067302, Page 0002; December 18, 2009 as Volume 09-084295, Page 003 and March 9, 2011 as Volume 11-015055, Page 0003, of this County's Recorder's Office, which are attached hereto as Exhibit "B"; that the conditions of said Mortgage have been broken and Plaintiff is entitled to have the equity of redemption of the defendants-titleholders foreclosed.

{¶ 10} First, we note that Brown's brief does not comply with App.R. 16, which requires in part a table of contents, table of authorities, statement of the assignments of error with reference to the place in the record reflecting each error, and a statement of the issues presented for review. As this Court has previously noted:

"Litigants who choose to proceed pro se are presumed to know the

law and correct procedure, and are held to the same standard as other litigants. See, e.g., *Kilroy v. B.H. Lakeshore Co.* (1996), 11 Ohio App.3d 357, 363, 676 N.E.2d 171. As the Eighth District Court of Appeals aptly noted in *Kilroy*, a pro se litigant 'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.' Id*." Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20.

{¶ 11} Brown's brief "assigns as error the trial court's denial of his Constitutional rights to due process and equal justice under the laws of the US constitution. Also that [he] did not have a reasonable opportunity to present relevant evidence in support of his respective positions." Brown asserts that Residential Funding Real Estate Holdings L.L.C. initially sought foreclosure against him in 2010, in Case No. 2010 CV 00402. According to Brown, "Plaintiff * * * has asked the lower court to dismiss this case twice under Rule 41(A)(2). This case should be declared void under the rule of law," pursuant to the "'two-dismissal rule'" in Civ.R. 41(A)(1). Brown argues that he was denied discovery and that fraud exists. Brown asserts that Arch Bay lacked standing to foreclose, and that the trial court lacked subject matter jurisdiction.

{¶ 12} As this Court has previously determined:

"Civ.R. 56(C) provides that summary judgment may be granted when the moving part demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is

adverse to the party against whom the motion for summary judgment is made. (Internal citations omitted). Our review of the trial court's decision to grant summary judgment is de novo." *Cohen v. G/C Contracting Corp.,* Greene App. No. 2006 CA 102*,* 2007-Ohio-4888.

*JPMorgan Chase Bank Trustee v. Murphy*, 2d Dist. Montgomery No. 23927, 2010-Ohio-5285, ¶ 15.

{¶ 13}    We note that Civ.R. 41(A)(1), upon which Brown relies, provides for voluntary dismissal of civil actions by plaintiffs and provides:

(1) * * * Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

(a) filing a notice of dismissal at any time before the commencement of trial unless a counter claim which cannot remain pending for independent adjudication by the court has been served by that defendant;

(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

{¶ 14} The "double-dismissal rule of Civ.R. 41(A)(1) applies only when both dismissals were notice dismissals under Civ.R. 41(A)(1)(a)." *Olynk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, ¶ 31. Brown did not file a motion to dismiss or a motion for summary judgment regarding his argument that Arch Bay's claims are barred by Civ.R.41(A)(1)'s "two-dismissal rule" (and he alleges that the matter was twice dismissed pursuant to Civ.R.41(A)(2)), and Brown has failed to point to any error in the record before us entitling him to relief pursuant to Civ.R. 41(A)(1).

{¶ 15} Regarding the real party in interest herein, Civ.R. 17 provides in part, "Every action shall be prosecuted in the name of the real party in interest."

{¶ 16} As this Court has previously noted:

"Standing is a threshold question for the court to decide in order for it to proceed to adjudicate the action." * * * The issue of lack of standing "challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court." * * * To decide if the requirement has been satisfied that an action be brought by the real party in interest, "courts must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief." * * *

The real party in interest in a foreclosure action is the current holder of the note and mortgage. * * * Because promissory notes are negotiable, they may be transferred to someone other than the issuer. That person then becomes the holder of the instrument. R.C. 1303.21(A). However, under R.C. 1301.21(B), if the note is payable to an identified person, negotiation

requires transfer of possession of the instrument and endorsement by the holder. *Bank of America, N.A. v. Miller,* 194 Ohio App.3d 307, 2011-Ohio-1403, 956 N.E.2d 319, ¶ 24-25 (2d Dist.).

{¶ 17} Having thoroughly reviewed the record, we conclude that there is no genuine issue of material fact that precludes summary judgment of foreclosure, and that the trial court properly issued the Judgment and Decree in Foreclosure in favor of Arch Bay. The affidavit of Susan Leduc, along with the notarized and recorded assignments of mortgage attached to the motion for summary judgment, establish that Arch Bay is the real party in interest. Viewing the evidence most strongly in favor of Brown, he failed to come forward with any evidence that a genuine issue of material fact exists for trial, and Arch Bay is accordingly entitled to judgment as a matter of law.

{¶ 18} Finally, we have reviewed Brown's reply brief filed on September 27, 2012, reasserting arguments already unpersuasively advanced in his merit brief, namely that Arch Bay lacks standing and that fraud exists.

{¶ 19} The judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Patrick D. Hendershott
Ernest D. Ducey
Daniel Lee Brown
Hon. Steven K. Dankof