[Cite as *State v. Beall*, 2022-Ohio-1259.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29280 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-2084/1 |
| | : | |
| JOSHUA BEALL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of April, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JOSHUA BEALL, Inmate No. A756-854, London Correctional Institution, P.O. Box 69, London, Ohio 43140
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Joshua Beall appeals from a judgment of the Montgomery County Court of Common Pleas which dismissed his petition for postconviction relief without a hearing. For the reasons outlined below, we affirm.

## I. Procedural History

{¶ 2} In March 2019, Beall was convicted of murder, attempted murder, felonious assault, robbery, complicity to commit robbery, failure to comply, improper handling of firearms in a motor vehicle, and having weapons under disability.[1] He was sentenced to a prison term of 56.5 years to life. Beall appealed his convictions, and this court affirmed the judgment of the trial court. *State v. Beall*, 2d Dist. Montgomery No. 28335, 2021-Ohio-1326.

{¶ 3} While his direct appeal was pending, Beall filed a petition for postconviction relief in which he alleged that he had been denied the effective assistance of counsel and his Sixth Amendment right to call witnesses in his own defense. Specifically, he asserted that trial counsel failed to call Cole as a witness to testify during trial. He further asserted that the prosecutor had threatened and intimidated Cole, causing her to assert her Fifth Amendment rights and thereby, essentially, preventing her from testifying at trial.[2]

---

[1] Relevant to this appeal, Beall, Casey Cole and Donald Armstrong were involved in the commission of a bank robbery, following which Beall shot and killed Armstrong.

[2] The trial transcript shows Cole elected to assert her Fifth Amendment right against self-incrimination after being advised by the trial court, and thus she did not testify at trial. Despite Beall's assertions to the contrary in his direct appeal, we concluded that the trial court did not act improperly in its advisement to Cole. *Beall* at ¶ 59. Because the trial record is devoid of any evidence that the prosecutor threatened or intimidated Cole, this issue is properly raised as a claim for postconviction relief.

{¶ 4} The trial court denied the petition without conducting a hearing. In doing so, the court found Beall's claim of ineffective assistance of counsel lacked merit, as the record affirmatively demonstrated that counsel properly subpoenaed Cole and intended to call her as a witness during trial. The trial court further stated it found no competent evidence to support Beall's claim that the State intimidated or threatened Cole so as to prevent her from testifying at trial.

{¶ 5} Beall appeals.

## II. Analysis

{¶ 6} The sole assignment of error asserted by Beall states as follows:

THE TRIAL COURT VIOLATED APPELLANT'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS TO A FAIR TRIAL AND DUE PROCESS, AND [TO] PRESENT A DEFENSE, WHEN IT DENIED HIS POST-CONVICTION PETITION, ON THE ISSUE OF PROSECUTORIAL MISCONDUCT OF THREATENING AND INTIMIDATION OF A DEFENSE WITNESS.

{¶ 7} Beall contends the trial court erred in dismissing his petition as it related to his claim that the State threatened and intimidated Cole so as to prevent her from testifying at his trial.[3] Specifically, his petition for relief claimed the prosecutor told Cole that "if she took the stand in [Beall's] trial she would be charged with complicity to murder." The petition further claimed Cole's testimony would have been pertinent to the issue of

---

[3] He does not assert any argument regarding the denial of his petition in relation to his allegations of ineffective assistance of counsel in this appeal.

Beall's innocence as it would have established he "had nothing to do with" the robbery of the LCNB bank branch located in Oakwood. He further claimed Cole's testimony would have established that Beall shot Donald Armstrong because Armstrong "pointed a gun at" Beall.

{¶ 8} A petition for "postconviction relief is a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." (Citations omitted.) *State v. Monroe*, 2015-Ohio-844, 29 N.E.3d 391, ¶ 37 (10th Dist.). A postconviction relief proceeding is not an appeal of a criminal conviction, but a collateral civil attack on a criminal judgment. *Id.* R.C. 2953.21, the statute governing postconviction relief, permits "[a]ny person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * [to] file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A)(1)(a) and (A)(1)(a)(i). The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief. R.C. 2953.21(A)(1)(b).

{¶ 9} Importantly, a criminal defendant who challenges his conviction by filing a petition for postconviction relief is not automatically entitled to a hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999). Instead, "a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v.*

*Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 51.   Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief.   *State v. Perry*, 2016-Ohio-4582, 66 N.E.3d 1109, ¶ 24 (2d Dist.).   The petitioner has the initial burden to provide evidence containing sufficient operative facts to demonstrate a cognizable claim of constitutional error.   *State v. Kapper*, 5 Ohio St.3d 36, 37-38, 448 N.E.2d 823 (1983).   In determining whether there are grounds for such relief, the trial court is required to consider both the petition and any supporting affidavits.   R.C. 2953.21(D).   We review the trial court's decision under the abuse of discretion standard.   *Gondor* at ¶ 51-52, citing *Calhoun* at 286.   A trial court abuses its discretion when a decision is arbitrary, capricious, or unreasonable.   *State v. Short*, 2d Dist. Montgomery No. 27399, 2018-Ohio-2429, ¶ 38.

{¶ 10} The only evidence submitted in support of Beall's petition was a hand-written document which Beall claims was the notarized affidavit of Cole.   The document, as written, states:

I Casey Cole am writing this statement in reguard to Joshua Beall Case # 2018CRA 3262 I wish to state on May 30th 2018 Joshua Beall was not involved in this robbery of Oakwood LCNB Bank located at 2705 Far Hills Drive Ave.   I wish to make this statement at his (Joshua Beall) trial but it was stated to me that I Casey Cole would be charged with complicity to murder by the prosutor's and I felt threatened and I feel it nessary to inform this information to whom it may concern.   I also wish to give information on the shooting of (Trey) Donald T. Armstrong I Case Cole seen Trey Donald

T. Armstrong pull a gun out and aimed it at Joshua Beall. This statement is true and notorized and may be used as affidavit for Joshua Beall as needed.

{¶ 11} In its decision denying a hearing on the petition, the trial court stated it found the affidavit submitted with the petition to be suspicious. The court noted "the handwriting in the [Cole] affidavit is strikingly similar to the handwriting in Beall's petition, and * * * the 'signature' is also significantly dissimilar to the plea forms executed by Ms. Cole in her companion case." The trial court went on to conclude the averments contained within the affidavit were not sufficient to warrant relief as "the evidence adduced at trial * * * overwhelmingly contradicts the contents of the affidavit."

{¶ 12} We begin our analysis with a consideration of the affidavit submitted by Beall. "An affidavit is defined as a written declaration under oath, made without notice to the adverse party." R.C. 2319.02. It is also defined as "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." *Black's Law Dictionary* (8th Ed.2004) 62. The Supreme Court of Ohio has stated that affidavits are "by definition a statement that the affiant has sworn to be truthful, and made under penalty of perjury * * *." *Calhoun*, 86 Ohio St.3d at 284, 714 N.E.2d 905.

{¶ 13} In order to be considered as evidence, an affidavit must be properly authenticated. Evid.R. 901(A). Affidavits "accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public" are self-authenticating. Evid.R. 902(8); *Columbus Bar Assn. v. Dougherty*, 105 Ohio St.3d 307,

2005-Ohio-1825, 825 N.E.2d 1094, ¶ 14. An affidavit which does not comply with the statutory requirement that the notary acknowledge the witness's signature cannot be properly authenticated without some type of extrinsic evidence demonstrating the document is what it purports to be. *Bank of Am., N.A. v. Miller*, 194 Ohio App.3d 307, 956 N.E.2d 319, ¶ 56 (2d Dist.); *State v. Shepherd*, 8th Dist. Cuyahoga No. 100660, 2014-Ohio-1736, ¶ 14, citing R.C. 147.53.

**{¶ 14}** We concur with the trial court's assessment that the handwriting of the statement is remarkably similar to Beall's handwriting as seen in his petition. But, we note affidavits are often prepared by the party seeking to submit the affidavit as evidence and then executed by the affiant. Thus, we cannot say that this alone rendered the affidavit suspicious.

**{¶ 15}** The document does have what appears to be a notary stamp. However, the notary did not sign the document, and the document does not contain any form of a certification concerning its truthfulness, the administration of an oath, or even that it was signed by Cole in the notary's presence. Thus, the statement fails to comply with the requirements of R.C. 147.53 and "is not entitled to the presumption of truth ordinarily afforded to sworn affidavits." *State v. Curry*, 8th Dist. Cuyahoga No. 108088, 2019-Ohio-5338, ¶ 25. Since Cole's purported statement is the only item presented by Beall, we cannot conclude that the trial court abused its discretion when it determined that the statement did not provide any substantive ground for postconviction relief.

**{¶ 16}** Moreover, when performing its allowed, but limited, credibility determination of a statement presented in support of a petition for postconviction relief, the trial court

did not abuse its discretion by determining that the statement, even if authored by Cole, was not credible. *See State v. Thrasher*, 2d Dist. Greene No. 2006-CA-69, 2007-Ohio-674, ¶ 15. That portion of the statement discounting Beall's role in the LCNB robbery was contradicted by Beall's admission to the police that he made Cole commit the robbery and that he was with Cole during its commission. Moreover, in the second part of the statement, Cole's purported declaration that Armstrong "pull[ed] a gun * * * and aimed it at * * * Beall" was also contradicted by Beall's admission to the police that Armstrong did point a gun at him, but that this occurred only after Beall shot Armstrong. Thus, based upon Beall's admissions, the trial court reasonably concluded that Cole's statement, assuming its legitimacy, lacked credibility.

{¶ 17} Having concluded that the trial court did not act unreasonably by discounting Cole's purported statement and, based upon this, dismissing Beall's petition without a hearing, Beall's sole assignment of error is overruled.

### III. Conclusion

{¶ 18} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Joshua Beall
Hon. Susan D. Solle