[Cite as *PNC Bank, Natl. Assn. v. West*, 2014-Ohio-161.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION | | C.A. No.    12CA0061 |
|     Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL R. WEST, et al. | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
|     Appellants | | CASE No.    10-CV-0693 |

DECISION AND JOURNAL ENTRY

Dated: January 21, 2014

WHITMORE, Judge.

{¶1}  Appellants, Michael and Dena West (collectively, "the Wests"), appeal from the judgment of the Wayne County Court of Common Pleas, granting summary judgment in favor of Appellee, PNC, National Association ("PNC").  This Court reverses.

I

{¶2}  In June 2001, the Wests executed a promissory note in favor of National City Bank to purchase a property in Wooster, Ohio.  Along with the note, the Wests also signed a mortgage granting a security interest in the property to National City Bank.  On that same day, National City Bank executed an assignment of the mortgage to National City Mortgage Co.  This assignment was never recorded.  Approximately five months later, in November 2001, National City Mortgage Co. assigned the mortgage and the note to Federal Home Loan Mortgage Corporation ("Freddie Mac").  This assignment was also never recorded.

{¶3} In September 2010, PNC, as successor by merger to National City Bank, filed a complaint in foreclosure against the Wests. PNC attached a copy of the Wests' note, which contained one undated indorsement from National City Bank to National City Mortgage Co. Additionally, PNC attached a copy of the Wests' mortgage. No assignments were attached to the complaint.

{¶4} In June 2011, PNC filed a motion for summary judgment. PNC attached, among other things, copies of the Wests' note and mortgage. These copies were identical to the copies that were attached to the initial complaint. Ultimately, the court denied PNC's motion for summary judgment. In July 2012, PNC filed a second motion for summary judgment. The copy of the note attached to this motion showed an additional, undated indorsement from National City Mortgage Co. to blank. Additionally, PNC attached uncertified photocopies of documents to establish National City Bank had merged into PNC. The court granted PNC's motion for summary judgment over the Wests' opposition. The Wests now appeal and raise two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED IN DETERMINING PLAINTIFF HAD MET THE STANDARDS REQUIRED FOR SUMMARY JUDGMENT WITH RESPECT TO THE ISSUE OF WHETHER OR NOT PLAINTIFF WAS THE HOLDER OF THE NOTE AND MORTGAGE, OR THE PARTY INITIATED (sic) TO ENFORCE THE INSTRUMENT.

{¶5} In their first assignment of error, the Wests argue that the court erred in granting summary judgment in favor of PNC because it did not establish that it was the real party in interest. We agree.

{¶6} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). This Court reviews a trial court's decision to grant a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is satisfied, the non-moving bears the burden of offering specific facts to show a genuine issue for trial. *See* Civ.R. 56(E); *Dresher* at 293.

{¶8} "[A] party lacks standing *to invoke the jurisdiction* of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." (Emphasis sic.) *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 22, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179 (1973). "The real party in interest in a foreclosure action 'is the current holder of the note and mortgage.'" *Quantum Servicing Corp. v. Haugabrook*, 9th Dist. Summit No. 26542, 2013-Ohio-3516, ¶ 8, quoting *Wells Fargo Bank N.A. v. Horn*, 9th Dist. Lorain No. 12CA010230, 2013-Ohio-2374, ¶ 10. *Accord BAC Home Loan Serv. v. McFerren*, 9th Dist. Summit No. 26384, 2013-Ohio-3228, ¶ 13. Standing is determined at the time the complaint is filed. *Schwartzwald* at ¶ 24.

{¶9} Attached to its second motion for summary judgment, PNC attached a sworn affidavit of Dorothy Thomas, a mortgage officer with PNC. Thomas averred that she was

competent to testify about the matters contained in the affidavit. Thomas attested that in 2005, National City Mortgage Co. changed its name to National City Mortgage, Inc. In 2007, National City Mortgage, Inc. merged into National City Real Estate Services, L.L.C. In 2009, "National City Bank, along with its wholly owned subsidiary National City Real Estate Services, LLC merged with and into PNC Bank, National Association." Thomas incorporated various documents attached to her affidavit to support her assertions.[1]

{¶10} The Wests objected to the supporting documents in their memorandum in opposition. Now, on appeal, the Wests argue that the court erred in considering the documents attached to Thomas' affidavit when ruling on the bank's motion for summary judgment because the documents were not original copies. In support of their argument, the Wests cite *Bank of America, N.A. v. Miller*, 194 Ohio App.3d 307, 2011-Ohio-1403 (2d Dist.). In *Miller*, the court reviewed its decision in *Congress Park Business Ctr. L.L.C. v. Nitelites, Inc.*, 2d Dist. Montgomery No. 21262, 2007-Ohio-4200. In that case, one of the parties submitted "a copy of a certificate of incorporation bearing the signature of the Ohio Secretary of State, made under his seal." *Miller* at ¶ 53, quoting *Congress Park Business Ctr. L.L.C.* at ¶ 7. The Second District concluded that the document, despite being a copy, qualified as a self-authenticating document

---

[1] The documents include:
1. Photocopies of the following certificates from the Ohio Secretary of State, made under seal:
   a. January 4, 2005, National City Mortgage Co. amended its articles to change its name to National City Mortgage, Inc.
   b. January 1, 2007, National City Mortgage, Inc. merged into National City Real Estate Services L.L.C.
   c. October 1, 2008, National City Mortgage Co. merged into National City Bank.
   d. November 7, 2009, National City Real Estate Services, L.L.C. dissolved.
2. A certificate by George Long III, Secretary of PNC, detailing National City Bank's merger into PNC on November 6, 2009.
3. A final approval for National City Bank's merger into PNC by the Comptroller of the Currency.

under Evid.R. 902(1) as a document under seal. *Miller* at ¶ 53; *Congress Park Business Ctr. L.L.C.* at ¶ 12. However, the court held that the copy of the certified certificate was not admissible because there was no supporting testimony of a witness that compared it to the original, pursuant to Evid.R. 1005. *Miller* at ¶ 54; *Congress Park Business Ctr. L.L.C.* at ¶ 12. Evid.R. 1005, in relevant part, states that "[t]he contents of an official record * * * may be proved by copy, certified as correct in accordance with Rule 902 * * * or testified to be correct by a witness who has compared it with the original."

**{¶11}** The certificates from the Secretary of State attached to PNC's second motion for summary judgment were photocopies. These photocopies were not certified as correct in accordance with Evid.R. 902 and Thomas did not testify that she compared the photocopies with the originals. *See* Evid.R. 902(1) and 1005. Therefore, these documents were not properly before the trial court when ruling on PNC's motion for summary judgment.

**{¶12}** Similarly, the letters from the Comptroller of the Currency and the certificate of PNC's Secretary were not admissible as business records under Evid.R. 803(6) and 902(10). "To qualify for admission under Evid.R. 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the custodian of the record or by some other qualified witness." (Internal quotations and citations omitted.) *Green Tree Servicing, L.L.C. v. Roberts*, 12th Dist. Butler No. CA2013-03-039, 2013-Ohio-5362, ¶ 29. Thomas' affidavit fails to establish that the letters from the Comptroller of the Currency and the certificate of PNC's Secretary met any of the four requirements of Evid.R. 803(6). Further, to the extent that the corporate documents attached to

the Secretary of State's Certificates could be considered business records, the records were inadmissible for the same reason, i.e., Thomas' affidavit is deficient in establishing the foundational requirements of Evid.R. 803(6).

{¶13} Without the documents establishing that National City Mortgage Co. had merged into PNC, there remained a genuine issue of material fact. While there is evidence that PNC had possession of the Wests' promissory note indorsed in blank, there is conflicting evidence that, at the time the complaint was filed, the note was indorsed to National City Mortgage Co. Standing must be established at the time of the commencement of the action. *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, at ¶ 24. Because there remained a genuine issue of material fact as to whether PNC was the real party in interest at the time the foreclosure action was filed, summary judgment was not appropriate. The Wests' first assignment of error is sustained.

Assignment of Error Number Two

THE TRIAL COURT ERRED IN DETERMINING PLAINTIFF HAD PERFORMED ALL CONDITIONS PRECEDENT TO ITS BEING ABLE TO FORECLOSE UPON THE NOTE AND MORTGAGE.

{¶14} In their second assignment of error, the Wests argue that the court erred when it granted summary judgment in favor of PNC because it did not show that it met certain conditions precedent. In light of our resolution of the Wests' first assignment of error, their second assignment of error is not yet ripe for review and we decline to address it.

III

{¶15} The Wests' first assignment of error is sustained and their second assignment of error is not ripe for review. The judgment of the Wayne County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

EDWIN H. BREYFOGLE, Attorney at Law, for Appellants.

LISA BABISH FORBES and LINDSAY E. DOSS, Attorneys at Law, for Appellee.