[Cite as *Christiana Trust v. Barth*, 2017-Ohio-6924.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

CHRISTIANA TRUST, A DIVISION OF
WILMINGTON SAVINGS FUND
SOCIETY FSB, AS TRUSTEE FOR
NORMANDY MORTGAGE LOAN
TRUST, SERIES 2013-9

    Appellee

    v.

CARMEN BARTH, et al.

    Appellants

C.A. No.    16CA010959

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    14 CV 184002

DECISION AND JOURNAL ENTRY

Dated: July 24, 2017

TEODOSIO, Judge.

{¶1}    Valerie Barth appeals from the judgment entry of the Lorain County Court of Common Pleas adopting the magistrate's decision, overruling the objections thereto, and granting judgment in favor of Christiana Trust, a Division of Wilmington Savings Fund Society FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-9 ("Christiana Trust"). This Court affirms.

I.

{¶2}    In 2002, a promissory note was signed by Carmen J. Barth and secured by a mortgage on the subject property, which was signed by Carmen, Carol, and Valerie Barth. CitiFinancial Mortgage Company, Inc. ("CitiFinancial") was the original holder of the note and mortgage. In August 2013, CitiMortgage, Inc., successor by reason of merger to CitiFinancial,

assigned the mortgage to Christiana Trust. After Christiana Trust acquired the subject loan, Carrington Mortgage Services acted as the servicer until June 2014, when Selene Finance, LP, took over as the servicer of the loan. A complaint in foreclosure was filed by Christiana Trust in July 2014, and a trial was held before a magistrate in 2016, who subsequently issued a decision granting the foreclosure. On May 4, 2016, the trial court overruled objections and adopted the magistrate's decision. Valerie Barth now appeals, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED BY GRANTING A JUDGMENT OF FORECLOSURE BASED UPON UNAUTHENTICATED HEARSAY EVIDENCE THAT DID NOT QUALIFY UNDER THE BUSINESS RECORDS EXCEPTION.

{¶3} In her first assignment of error, Ms. Barth argues that the trial court erred by granting judgment based upon inadmissible records. She contends the records were not properly authenticated and did not qualify under the business records exception to hearsay. We disagree. Specifically, Ms. Barth questions the authentication and admission of the note, the mortgage, the assignment of the mortgage, a corporate resolution from CitiMortgage to Orion, and the payment history. For the purposes of analysis, we will begin by addressing the first four documents; the payment history will be discussed separately thereafter.

{¶4} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus. A trial court is afforded broad discretion in admitting evidence and we will not reject an exercise of this discretion unless it has clearly been abused and the appealing party has thereby suffered material prejudice. *Packard v. Packard*, 9th Dist. Summit No. 19870, 2000 WL 1729459, *2 (Nov. 22, 2000); *accord State v. Long*, 53 Ohio St.2d 91, 98 (1978). An abuse of

discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶5} We first address the issue of authentication. Evid.R. 901(A) provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." As to the self-authenticating documents enumerated under Evid.R. 902, "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required." In the case before us, the certified copies of the mortgage and the assignment of mortgage admitted into evidence are self-authenticating under Evid.R. 902(4), which provides for the self-authentication of certified copies of public records.

{¶6} With regard to the promissory note, the original note was introduced into evidence at trial by Christiana Trust. Carmen Barth, who signed the note in question, was not present for trial, and therefore was not available to be examined as a witness or to authenticate the promissory note or the signature upon it. Consequently, Christiana Trust moved to separate the trial as to the issue of Carmen Barth's default on the note, which was denied by the trial court.

{¶7} The original note was identified at trial by Eric Wheeler, a case manager with Selene Finance—the servicer of the subject loan. He testified that he had personal access to the subject loan file, which contained the original note, and that he was familiar with it. He further testified that Christiana Trust had possession of the original note and allonge on the date the

complaint was filed, and that the copies of the note and allonge attached to the complaint were true and accurate copies of the originals. Ms. Barth made no claims that the presented promissory note was not the one signed by Carmen Barth or that the note contained different terms, nor did Ms. Barth produce any evidence that the note was not what it was purported to be. Mr. Wheeler also identified the corporate resolution from CitiMortgage to Orion as part of the subject loan file. Ms. Barth did not question the authenticity of the corporate resolution from CitiMortgage to Orion, which was stamped with the seal of CitiMortgage, Inc. as evidence that the document was, in fact, what it was purported to be. Again, Ms. Barth presented no evidence to the contrary.

{¶8} We reiterate that a trial court is afforded broad discretion in admitting evidence and we will not reject an exercise of this discretion unless it has clearly been abused and the appealing party has thereby suffered material prejudice. Ms. Barth objected to the introduction of the note and the corporate resolution into evidence on the basis that Mr. Wheeler did not lay a proper foundation as to his knowledge of Christiana Trust's or CitiMortgage's business records; the objection was not based upon an argument that the original note produced by Christiana Trust was not the authentic original note or that the corporate resolution was not authentic. At trial, Ms. Barth had the opportunity to present evidence to challenge the authenticity or accuracy of the admitted documents. In the absence of any such argument, we cannot conclude Ms. Barth was materially prejudiced by their admission into evidence. Neither can we, under these circumstances, conclude the trial court abused its discretion in finding the original promissory note and the corporate resolution properly authenticated.

{¶9} We next turn to Ms. Barth's argument regarding the alleged hearsay documents and the business records exception to hearsay. Pursuant to Ohio Rule of Evidence 801,

"'[h]earsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." "Hearsay is not admissible except as otherwise provided * * * by [the Ohio Rules of Evidence]." Evid.R. 802. The Rules of Evidence enumerate multiple exceptions to the rule that hearsay is inadmissible, including the "business records exception." Evid.R. 803.

{¶10} First, we recognize that the note, the mortgage, the assignment of the mortgage, and the corporate resolution from CitiMortgage to Orion are not hearsay. These documents were not offered to prove the truth of the matters asserted therein; rather, they "were offered to prove that persons engaged in transactions creating legal rights and responsibilities." *Wells Fargo Bank v. Maxfield*, 12th Dist. Butler No. CA2016-05-089, 2016-Ohio-8102, ¶ 40. The Staff Note to Evid.R. 801(C) recognizes this distinction by providing: "Words constituting conduct are not hearsay, e.g., words of a contract * * * and the like." Here, the note is a contract and the mortgage, the assignment of mortgage, and the corporate resolution are contract-like in that they all create legal rights and responsibilities. *See Maxfield* at ¶ 40. Additionally, the mortgage, the assignment of mortgage, and the statements contained therein are excepted from the hearsay rule under Evid.R. 803(14) and (15) as records of documents affecting an interest in property and statements in documents affecting an interest in property. *Id*.

{¶11} We now turn to the issue of the payment history. Ms. Barth argues that authentication was not proper because the witness, Eric Wheeler, did not have the requisite personal knowledge. Ms. Barth further argues the payment history was not admissible under the business records exception to the hearsay rule. The payment history, introduced as Plaintiff's Exhibit 5, contains account activity statements for Selene Finance, Carrington Mortgage Services, and CitiMortgage, Inc.

{¶12}  With regard to the business records exception to the hearsay rule, Evid.R. 803(6) provides that records of regularly conducted business activity are an admissible form of hearsay, stating in pertinent part:

> A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

"To qualify for admission under Evid.R. 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the custodian of the record or by some other qualified witness." *PNC Bank, N.A. v. West*, 9th Dist. Wayne No. 12CA0061, 2014-Ohio-161, ¶ 12.  The theory supporting the business records exception is that such records are accurate and trustworthy because they are "made in the regular course of business by those who have a competent knowledge of the facts recorded and a self-interest to be served through the accuracy of the entries made and kept with knowledge that they will be relied upon in a systematic conduct of such business[.]" *Weis v. Weis*, 147 Ohio St. 416, 425-426 (1947).

{¶13}  Pursuant to Evid.R. 901(B)(10), "authentication of business records * * * is governed by Evid.R. 803(6)." *Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006–Ohio–6618, ¶ 9 (1st Dist.); s*ee also State v. Quarles*, 2d Dist. Clark No. 2014CA72, 2015-Ohio-3050, ¶ 38.  Therefore, proper authentication of a business record under Evid.R. 901(A) requires that a proponent of a document produce evidence sufficient to support a finding that the matter in

question is what the proponent claims it to be, and to accomplish this, a witness must testify as to the regularity and reliability of the business activity involved in the creation of the record. *State v. Cassano*, 8th Dist. Cuyahoga No. 97228, 2012-Ohio-4047, ¶ 24; *accord Quarles* at ¶ 38. A witness authenticating a business record must be "'familiar with the operation of the business and with the circumstances of the preparation, maintenance, and retrieval of the record in order to reasonably testify on the basis of this knowledge that the record is what it purports to be, and was made in the ordinary course of business.'" *State v. Baker*, 9th Dist. Summit No. 21414, 2003–Ohio–4637, ¶ 11, quoting *Keeva J. Kekst Architects, Inc. v. George*, 8th Dist. Cuyahoga No. 70835, 1997 WL 253171, *5 (May 15, 1997). Evid.R. 803(6) does not require personal knowledge of the exact circumstances of the preparation and production of the document or of the transaction giving rise to the record. *Bank of America, N.A. v. Jackson*, 12th Dist. Warren No. CA2014-01-018, 2014–Ohio–2480, ¶ 12.

**{¶14}** Mr. Wheeler testified that he was a case manager with Selene Finance, the servicer of the subject loan. He testified that he had personal access to the subject loan file and that he was familiar with it. He testified that the loan file contained the original note with allonge, the mortgage with assignment, the payment history, merger documents, and corporate resolution documents. Mr. Wheeler also testified that Christiana Trust had possession of the original note and allonge on the date the complaint was filed, and that the copies of the note and allonge attached to the complaint were true and accurate copies of the originals. He identified the certified copy of the mortgage produced at trial and testified that based upon his review of the loan file and his own personal knowledge, Christiana Trust satisfied all conditions precedent prior to initiating the foreclosure action.

**{¶15}** Mr. Wheeler testified that Plaintiff's Exhibit 5 was a true and accurate copy of the payment history of the subject account as it appeared in Christiana Trust's business records for the subject loan, and that based upon his review of the document, Carmen Barth was currently in default pursuant to the terms of the subject loan and mortgage. He testified that the unpaid principal balance was currently $72,475.88. We note there is also uncontroverted testimony that the mortgage was breached when Carmen Barth's interest in the property was sold to Valerie and Carol Barth.

**{¶16}** With regard to the payment history documents from Selene Finance, as servicer for Christiana Trust, Mr. Wheeler testified that he was familiar with the policies and procedures for Christiana Trust's recordkeeping practices through the performance of his job duties. He testified that, based upon his personal knowledge, the business records were kept in the course of Christiana Trust's regularly conducted business activities and were created by them as a regular practice. He testified that based upon his personal knowledge, the records contained within the loan file were made at or near the time of the occurrence of the matters and were recorded by persons with personal knowledge of the information in the business record or from information transmitted by persons with personal knowledge. He also testified that he was familiar with the recordkeeping practices of Carrington Mortgage Services.

**{¶17}** We conclude that the trial court did not abuse its discretion in considering the payment history as it relates to Selene Finance as servicer for Christiana Trust. The trial court was not unreasonable, arbitrary, or unconscionable in its ruling to admit the evidence, as Mr. Wheeler provided testimony to properly authenticate the documents and to support the four essential elements for admission under Evid.R. 803(6).

{¶18}  In support of a foreclosure action, a plaintiff must present evidence showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Deutsche Bank Natl. Trust Co. v. James*, 9th Dist. Summit No. 28156, 2016-Ohio-7950, ¶ 8.

{¶19}  Plaintiff's burden of proof at trial was a preponderance of the evidence. *See Merrick v. Ditzler*, 91 Ohio St. 256, 260 (1915).  Plaintiff presented evidence in support of all elements of its claim, and the trial court, as the trier of fact, was best situated to evaluate the credibility and weight of the evidence. *See In re KR.E., K.E., & A.E.*, 9th Dist. Lorain No. 06CA008891, 2006–Ohio–4815, ¶ 19.  The trial court had before it a self-authenticated note and mortgage, a self-authenticated assignment of mortgage, and testimony that the mortgagor was in default and that all condition precedents were met.  The customer account activity statement documents from Selene Finance provided evidence that the subject loan was in default, that no payments were being made, and that the current balance was $72,475.88.  It was not necessary for the trial court to rely on the payment history documents for Carrington Mortgage Services or CitiMortgage, Inc. in making its determination.

{¶20}  During the bench trial before the magistrate, Ms. Barth had the opportunity to present evidence to contradict or challenge the veracity of the testimony and exhibits presented by Christiana Trust; however, she presented no evidence to the contrary.  Ms. Barth has failed to show that the trial court's judgment relied upon inadmissible records, and consequently, Ms. Barth is unable to show prejudice.

{¶21}  Ms. Barth's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN FINDING THAT APPELLEE WAS ENTITLED TO ENFORCE THE NOTE AND MORTGAGE OR TO FORECLOSE.

{¶22}  In her second assignment of error, Ms. Barth argues that the trial court erred when it held that the law does not require that an allonge be "permanently" affixed to the note. We disagree.

{¶23}  In the present case, there is evidence that the allonge to the note was attached by a paperclip rather than by a staple.  Ms. Barth argues that an allonge must be "permanently" affixed, but provides no case law that supports the proposition, and the cases cited to by Ms. Barth, discussed below, set forth no such requirement.

{¶24}  In *HSBC Bank USA, N.A. v. Thompson*, 2d Dist. Montgomery No. 23761, 2010-Ohio-4158, ¶ 64-65, the Second District Court of Appeals merely noted that Ohio has adopted revisions to the UCC that changed "firmly affixed" to simply "affixed," and that R.C. 1303.24(A)(2) "requires that a paper be affixed to an instrument in order for a signature to be considered part of the instrument."  The *Thompson* court made no determination of the meaning of affixed, and engaged in no discussion as to permanency.  Moreover, unlike the case before us, in *Thompson*, "no evidence was presented * * * to indicate that the allonges were ever attached or affixed to the promissory note.  Instead, the allonges [were] presented as separate, loose sheets of paper, with no explanation as to how they may have been attached." *Id*. at ¶ 67.  In *Wells Fargo Bank N.A. v. Freed*, 3d Dist. Hancock No. 5-12-01, 2012-Ohio-5941, ¶ 25, also cited by Ms. Barth, the court cited to *Thompson* for the proposition of law requiring an allonge to be affixed to the instrument, and noted that the allonge in their present case "was merely attached to

the file folder" rather than to the note itself. The *Freed* court did not engage in a discussion of permanency.

{¶25} Not only are both cases distinguishable from our present case whereby the allonge was affixed with a paperclip, but neither case supports Ms. Barth's argument that an allonge must be permanently affixed to a note. R.C. 1303.24 provides: "For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument." There is no additional requirement of "permanency." The trial court's statement that the law does not require an allonge to be permanently affixed to an instrument is not contrary to the law of Ohio, and the court did not err in its conclusion. Therefore, Ms. Barth's second assignment of error is overruled.

### III.

{¶26} Ms. Barth's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
THOMAS A. TEODOSIO
FOR THE COURT


HENSAL, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

MARC E. DANN, EMILY WHITE, and WILLIAM BEHRENS, Attorneys at Law, for Appellants.

MATTHEW W. FABER and JOSHUA J. EPLING, Attorneys at Law, for Appellee.