[Cite as *Fed. Natl. Mtge. Assn. v. McFerren*, 2018-Ohio-5319.]

STATE OF OHIO      )           IN THE COURT OF APPEALS
                         )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

FEDERAL NATIONAL MORTGAGE        C.A. No.      28814
ASSOCIATION

      Appellee

      v.                          APPEAL FROM JUDGMENT
                                   ENTERED IN THE
GARRICK P. MCFERREN, et al.        COURT OF COMMON PLEAS
                                   COUNTY OF SUMMIT, OHIO
      Appellant                 CASE No.    CV 2015 07 3622

## DECISION AND JOURNAL ENTRY

Dated: December 31, 2018

---

CALLAHAN, Judge.

**{¶1}** Appellant, Garrick McFerren, appeals from the judgment of the Summit County Common Pleas Court in favor of Appellee, Federal National Mortgage Association ("Fannie Mae"). For the reasons set forth below, this Court reverses and remands.

### I.

**{¶2}** Fannie Mae filed a complaint to foreclose on Mr. McFerren's residential mortgage and to obtain a personal judgment against him on the note relative to the property located at 3209 Deborah Court in Uniontown.[1] None of the defendants filed an answer. Fannie Mae moved for and was granted default judgment and a decree of foreclosure. A week later, Mr.

---

[1] This is the second foreclosure action filed against Mr. McFerren as to this note and mortgage. *See BAC Home Loans Servicing, LP v. McFerren*, 9th Dist. Summit No. 26384, 2013-Ohio-3228, ¶ 2-3. ("*McFerren I*"). The previous foreclosure action involved a different financial entity. *Id.* In the appeal of that foreclosure action, this Court reversed the trial court's grant of summary judgment because the record did not demonstrate that the bank had standing to initiate the foreclosure action. *Id.* at ¶ 5.

McFerren filed a motion to vacate the default judgment and leave to file an answer instanter, both of which were granted. Mr. McFerren's answer contained various affirmative defenses, including, but not limited to, lack of standing, failure to satisfy conditions precedent, and payment of the note.

{¶3} After unsuccessful mediation attempts, Fannie Mae moved for summary judgment on the complaint. Mr. McFerren filed two identical response briefs, 3 days apart and each by different counsel. Both of Mr. McFerren's response briefs included an affidavit by him that was not executed or notarized. Mr. McFerren opposed the summary judgment motion by arguing that Fannie Mae lacked standing to bring the foreclosure action, the affidavit submitted by Fannie Mae was insufficient to establish standing, and Fannie Mae failed to establish damages. Fannie Mae filed a reply brief.

{¶4} Upon review of the briefs and the evidence, the trial court reserved ruling on the motion for summary judgment and ordered Fannie Mae to file a supplemental affidavit establishing that it had standing. In accordance with the trial court's order, Fannie Mae filed a supplemental affidavit with attachments regarding the issue of standing. Despite being granted leave, Mr. McFerren did not file a supplemental response brief or any evidence opposing Fannie Mae's additional evidence. After consideration of Fannie Mae's additional evidence, the trial court granted Fannie Mae's motion for summary judgment.

{¶5} Mr. McFerren timely appeals from this judgment entry, asserting three assignments of error. Of Mr. McFerren's three assignments of error, the second is dispositive, so this Court addresses it first.

II.

**ASSIGNMENT OF ERROR NO. 2**

REVIEWING [FANNIE MAE'S] MOTION FOR SUMMARY JUDGMENT DE NOVO, THE RECORD IS CLEAR AND CONVINCING THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. MCFERREN] BY GRANTING [FANNIE MAE'S] MOTION FOR SUMMARY JUDGMENT IN FAVOR OF [FANNIE MAE].

{¶6} Mr. McFerren argues that the trial court erred in granting summary judgment to Fannie Mae because it did not establish standing. This Court agrees.

{¶7} Appellate courts consider an appeal from summary judgment under a de novo standard of review, using the same standard that the trial court applies. *See Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24, citing *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Accordingly, this Court stands in the shoes of the trial court and conducts an independent review of the record.

{¶8} Summary judgment is proper under Civ.R. 56(C) when: (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶9} Summary judgment consists of a burden-shifting framework. The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once the moving party satisfies this burden, the nonmoving party has a "reciprocal burden" to "'set forth specific facts showing that there is a

genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E). The nonmoving party "'may not rest upon the mere allegations or denials of his pleadings,'" but instead must submit evidence as outlined in Civ.R. 56(C). *Id.*, quoting Civ.R. 56(E).

> **{¶10}** The plaintiff moving for summary judgment in a foreclosure action must present
>
> evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due.

(Internal quotations and citations omitted in original.) *The Bank of New York Mellon v. Bridge*, 9th Dist. Summit No. 28461, 2017-Ohio-7686, ¶ 10, quoting *Bank of Am., N.A. v. Edwards*, 9th Dist. Lorain Nos. 15CA010848, 15CA010851, 2017-Ohio-4343, ¶ 10.

**{¶11}** A plaintiff in a foreclosure action must have standing at the time it files the complaint in order to invoke the jurisdiction of the court over the foreclosure action. *See Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 41. *See also Bank of Am. N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, paragraph three of the syllabus, ¶ 22 (standing addresses a court's "jurisdiction over a particular case, [and] not subject-matter jurisdiction"). "To prove standing in a foreclosure action, a plaintiff must hold both the note and the mortgage prior to filing the complaint." *Bank of Am., N.A. v. McCormick*, 9th Dist. Summit No. 26888, 2014-Ohio-1393, ¶ 8. *See also Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, ¶ 33.

**{¶12}** As a preliminary matter, Fannie Mae argues that Mr. McFerren's assignments of error should be overruled due to his failure to comply with App.R. 16(A)(7) and Loc.R. 7(F). Fannie Mae contends that Mr. McFerren's counsel used "recycled, boilerplate assertions" in his appellant brief and thereby fails to conform to the appellate rules. While this Court will apply

the appellate rules as necessary to the deficiencies in Mr. McFerren's appellate brief, we will do so in conjunction with our required de novo review of whether Fannie Mae met its initial *Dresher* burden in this matter.

{¶13} Mr. McFerren presented various challenges to the affidavit submitted by Fannie Mae in support of its summary judgment motion. First, Mr. McFerren contended that the affidavit was deficient because the affiant was an employee of Seterus, Inc., the subservicer for Fannie Mae, and not an employee of Fannie Mae. Mr. McFerren, however, provided no legal authority to support this argument and it is not this Court's duty "to search for authority to support [Mr. McFerren's] argument as to an alleged error." *Harris v. Nome*, 9th Dist. Summit No. 21071, 2002-Ohio-6994, ¶ 15, citing *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996). *See also Cardone v. Cardone*, 9th Dist. Summit Nos. 18349, 18673, 1998 Ohio App. LEXIS 2028, *22 (May 6, 1998). Thus, pursuant to App.R. 16(A)(7) and Loc.R. 7(B)(7), this Court declines to address this argument.

{¶14} Mr. McFerren also challenged the sufficiency of Fannie Mae's affidavit because it was not based upon personal knowledge. As to the issue of personal knowledge in affidavits in support of a summary judgment motion in foreclosure cases, this Court has held:

> [A]ffidavits submitted in support of or in opposition to motions for summary judgment shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Generally, a mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. If particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, [however,] then * * * something more than a conclusory averment that the affiant has knowledge of the facts [is] required. This Court cannot infer personal knowledge from the averment of personal knowledge alone.

(Alterations in the original. Internal citations and quotations omitted.) *Bank of New York Mellon v. Villalba*, 9th Dist. Summit No. 26709, 2014-Ohio-4351, ¶ 10. Further, this Court has indicated a preference for "affidavits identify[ing] with greater specificity the affiant's title, job responsibilities, and authority giving rise to her familiarity with the relevant records[.]" *See U.S. Bank, Natl. Assn. v. Greenless*, 9th Dist. Lorain No. 14CA010618, 2015-Ohio-356, ¶ 12.

{¶15} Contrary to Mr. McFerren's position, the affiant did not "[s]imply" state that she was authorized to make the affidavit and that the affidavit was based on her personal knowledge. Instead, the affiant 1) indicated that her job position with Seterus, Inc. was as a foreclosure specialist and that Seterus, Inc. was the subservicer for Fannie Mae, 2) described the scope of her job responsibilities, and 3) summarized her familiarity and examination of the business records relative to Mr. McFerren's loan. Additionally, the affiant identified the specific business records that she reviewed and relied upon to support her affidavit. Based upon the foregoing, there was a reasonable inference that the affiant had personal knowledge of the facts in the affidavit.

{¶16} Mr. McFerren argued that the affidavit and the business records were inadmissible hearsay. "[T]he business records exception to the hearsay rule, * * * provides that records of regularly conducted business activity are an admissible form of hearsay." *Christiana Trust v. Barth*, 9th Dist. Lorain No. 16CA010959, 2017-Ohio-6924, ¶ 12, citing Evid.R. 803(6).

> To qualify for admission under Evid.R. 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the custodian of the record or by some other qualified witness.

(Internal quotations and citations omitted in original.) *PNC Bank, Natl. Assn. v. West*, 9th Dist. Wayne No. 12CA0061, 2014-Ohio-161, ¶ 12, quoting *Green Tree Servicing, L.L.C. v. Roberts*, 12th Dist. Butler No. CA2013-03-039, 2013-Ohio-5362, ¶ 29.

**{¶17}** In order to be admissible under this hearsay exception, the business records must be authenticated by "evidence sufficient to support a finding that the matter in question is what the proponent claims it to be[.]" *Barth* at ¶ 13, citing Evid.R. 901(A).

> A witness authenticating a business record must be familiar with the operation of the business and with the circumstances of the preparation, maintenance, and retrieval of the record in order to reasonably testify on the basis of this knowledge that the record is what it purports to be, and was made in the ordinary course of business. Evid.R. 803(6) does not require personal knowledge of the exact circumstances of the preparation and production of the document or of the transaction giving rise to the record.

(Internal quotations and citation omitted.) *Barth* at ¶ 13.

**{¶18}** As addressed above, the affiant set forth her job title, her job responsibilities at Seterus, Inc., and how her job duties required her to examine and be familiar with the business records related to servicing mortgage loans. The affiant averred that the business records were kept in the course of Seterus, Inc.'s regularly conducted business activities and created by Seterus, Inc. as a regular business practice. Further, these business records were made at or near the time of the occurrence of the matters being recorded by persons with knowledge of the information in the business records. The affiant attested that she examined the business records. The affidavit was made based on the affiant's review of those business records and her knowledge of how the records are created and made.

**{¶19}** In light of the foregoing, the affidavit reflected that the witness was sufficiently familiar with the business operations and with the circumstances of the record's preparation and maintenance. Further, the affiant set forth the foundational requirements of Evid.R. 803(6). Accordingly, the affidavit and business records were not hearsay, and instead proper evidence in support of Fannie Mae's summary judgment motion.

{¶20} Mr. McFerren asserted various reasons as to why Fannie Mae's affidavit and documents did not establish it as the holder of the note and mortgage. In his first proposition, Mr. McFerren claimed there was no evidence of "how or when" Fannie Mae obtained the note. In response to this argument, the trial court ordered Fannie Mae to submit additional evidence in support of the date and method Fannie Mae obtained the note.[2] Mr. McFerren did not object to the trial court's order for additional evidence. Fannie Mae filed a supplemental affidavit with attachments. Despite being granted leave, Mr. McFerren did not respond to Fannie Mae's supplemental evidence.

{¶21} "When a note is indorsed in blank, the holder is the person in possession of the note." *Bridge*, 2017-Ohio-7686, at ¶ 20; *see also* R.C. 1301.201(B)(21)(a). In situations where the holder's agent is in physical possession of the note, the holder may still enforce the note based upon constructive possession of the note. *Bridge* at ¶ 20. However, a note indorsed in blank does not, on its face, establish who is in possession of the note and when that possession transpired. *See Bank of Am., N.A. v. Loya*, 9th Dist. Summit No. 26973, 2014-Ohio-2750, ¶ 14. Thus, a supporting affidavit must attest to how and when the entity became the holder of the note and generally the affiant must produce supporting business records, other than the note, to establish possession. *See id; McFerren*, 2013-Ohio-3228, at ¶ 9.

{¶22} In this case, Mr. McFerren executed a note with Quicken Loans, Inc. On page three of the note there is a stamp with an indorsement from Quicken Loans, Inc. payable to Countrywide Bank, F.S.B. The supplemental affidavit averred that on the back of page three of the note, there was a blank indorsement from Countrywide Bank, F.S.B. The supplemental

[2] Because Mr. McFerren did not assign as error the trial court's order requesting additional summary judgment evidence, this Court passes on the propriety of the trial court providing Fannie Mae a second opportunity to meet its *Dresher* burden in its initial summary judgment motion.

affidavit averred that Fannie Mae purchased the note on March 1, 2008. In support of this statement, attached to the supplemental affidavit was a printout from Seterus, Inc., the subservicer for Fannie Mae, reflecting the investor purchase date of March 1, 2008 for Mr. McFerren's loan. The supplemental evidence established Fannie Mae as the holder of the note via the blank indorsement.

{¶23} Additionally, the supplemental affidavit averred and attached a computer printout from Seterus, Inc.'s acquisition record that Fannie Mae sent the note to Seterus, Inc. on April 1, 2015, and the foreclosure complaint was filed on July 20, 2015. The affidavit further stated that Fannie Mae had possession of the note prior to filing the complaint and continued to maintain possession of the note through its subservicer, Seterus, Inc. The supplemental evidence also established Fannie Mae as having constructive possession of the note while its agent, Seterus, Inc., was in physical possession of the note.

{¶24} Mr. McFerren also challenged Fannie Mae's averments that it possessed the note by arguing that there was no evidence that the allonge, which contained the blank indorsement, was attached or affixed to the note. The trial court also ordered Fannie Mae to submit supplemental evidence as to this issue.[3]

{¶25} Ohio law requires indorsements to be on an instrument or in papers affixed to the instrument. *See* R.C. 1303.24(A)(1) and (2). "An allonge is '[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements.'" *Deutsche Bank Natl. Trust Co. v. Traxler*, 9th Dist. Lorain

---

[3] As stated earlier, the propriety of the trial court requesting additional summary judgment evidence has not been raised in this appeal. We caution that this decision should not be construed as a ratification of the trial court's conduct.

No. 09CA009739, 2010-Ohio-3940, ¶ 10, fn. 1, quoting *Black's Law Dictionary* 83 (8th Ed.2004).

**{¶26}** Fannie Mae's supplemental affidavit clarified that the note was a three-page document. This averment was supported by the pagination found on the bottom of each page of the note. The pages were numbered sequentially in the format of "Page 1 of 3." The supplemental affidavit further averred that the blank indorsement from Countrywide Bank, F.S.B. was contained on the back of page three of the note. Thus, the blank indorsement was part of the original note and there was no separate page or allonge to attach or affix to the note. While Mr. McFerren was granted leave to file a response, he did not respond to this supplemental evidence from Fannie Mae. Nor did Mr. McFerren object to the trial court ordering the submission of additional evidence on this issue.

**{¶27}** Based on the foregoing, Fannie Mae met its initial *Dresher* burden of demonstrating the absence of genuine issues of material fact as to it being the holder of the note. Further, because Mr. McFerren limited his summary judgment response to disputes as to the quality of Fannie Mae's evidentiary materials and he failed to file an executed and notarized affidavit or other Civ.R. 56(C) evidence opposing the summary judgment motion, this Court must conclude that Mr. McFerren failed to meet his reciprocal burden of setting forth specific facts demonstrating the existence of a genuine issue of material fact as it pertained to Fannie Mae being the holder of the note.

**{¶28}** As indicated above, "a plaintiff must hold both the note and the mortgage" in order to establish standing in a foreclosure action. *McCormick*, 2014-Ohio-1393, at ¶ 8. *See also Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, at ¶ 33. Mr. McFerren argued the "bogus assignments" "highlighted the existence of genuine issues of material fact." Mr. McFerren,

however, did not develop this argument beyond this statement and this Court will not create an argument for him. *See Cardone*, 1998 Ohio App. LEXIS 2028, at \*22 ("If an argument exists that can support this assignment of error, it is not this court's duty to root it out.").

{¶29} Mr. McFerren also argued that the note and mortgage were severed, thereby rendering the mortgage unenforceable and Fannie Mae without an interest in the property. Contrary to Mr. McFerren's position, an entity can gain an interest in the mortgage through an assignment of the mortgage and a chain of mergers. *McCormick* at ¶ 8. *See Bank One, NA v. Dillon*, 9th Dist. Lorain No. 04CA008571, 2005-Ohio-1950, ¶ 8. When "'an existing bank takes the place of another bank after a merger, no further action is necessary' to become a real party in interest." *JPMorgan Chase Bank, NA v. Carroll*, 12th Dist. Clinton No. CA2013-04-010, 2013-Ohio-5273, ¶ 17, quoting *Huntington Natl. Bank v. Hoffer*, 2d Dist. Greene No. 2010-CA-31, 2011-Ohio-242, ¶ 15. However, in order to establish standing in a foreclosure case where there has been a bank merger, the bank must produce the documents reflecting the mergers and an affiant who can attest to the documents. *See West*, 2014-Ohio-161, at ¶ 10-13. *See also Edwards*, 2017-Ohio-4343, at ¶ 16, citing *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, ¶ 19.

{¶30} Fannie Mae's first affidavit attached two assignments of mortgage to establish its status as the current mortgagee. On February 19, 2008, the original mortgagee was Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Quicken Loans, Inc. Pursuant to the assignment of mortgage recorded on April 19, 2011, MERS assigned the mortgage to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. Along with this assignment, Fannie Mae attached a two-page Certificate of Filing of BAC Home Loans Servicing, LP from the state of Texas which indicated that Countrywide Home Loans Servicing,

LP amended the name of its limited partnership to BAC Home Loans Servicing, LP. Fannie Mae also filed an assignment of mortgage recorded on April 28, 2015, which assigned the mortgage from Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP to Fannie Mae. The complaint was filed thereafter on July 20, 2015.

{¶31} The assignments of mortgage reflect that the prior mortgagee changed its name and merged with another entity. While Fannie Mae submitted a photocopy of the two-page Certificate of Filing of BAC Home Loans Servicing, LP from the state of Texas regarding the name change of the limited partnership, Fannie Mae failed to include any affidavit evidence incorporating the document regarding the name change and testifying that the affiant compared the original to the copy to certify it as correct in accordance with Evid.R. 902 and Evid.R. 1005. *See West* at ¶ 10-11. Accordingly, this document was not properly before the trial court when it ruled on Fannie Mae's summary judgment motion. *See id. Compare Horn* at ¶ 19. As to the merger by Bank of America, N.A., Fannie Mae failed to submit any documentation establishing that the merger occurred. Similarly, there was no affidavit evidence regarding the merger. Without documents establishing the merger of the prior mortgagee and corresponding affidavit evidence regarding that merger and the name change, Fannie Mae failed to meet its *Dresher* burden, and there remained a genuine issue of material fact as to whether the mortgage was validly assigned to Fannie Mae. *See West* at ¶ 13. *Compare Horn* at ¶ 19; *Edwards* at ¶ 12, 16.

{¶32} Fannie Mae refers this Court to *McFerren I* to establish that the Bank of America, N.A. merger was previously acknowledged by this Court. *See McFerren*, 2013-Ohio-3228, at ¶ 3. The implication from this statement is that Bank of America, N.A.'s merger is law of the case

which further supports Fannie Mae as being the current mortgagee. However, Fannie Mae's reliance on the law of the case doctrine is misplaced.

{¶33} "The doctrine of the law of the case * * * establishes that the 'decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Hood v. Diamond Prods., Inc.,* 137 Ohio App.3d 9, 11 (9th Dist.2000), quoting *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc.*, 81 Ohio St.3d 214, 218 (1998). The line which Fannie Mae relies upon in *McFerren I* is contained in the opening statement of facts and is not the decision of this Court. *See McFerren* at ¶ 3.

{¶34} After consideration of Fannie Mae's evidence, this Court can only conclude that Fannie Mae has failed to meet its initial *Dresher* burden of demonstrating the absence of genuine issues of material fact regarding its standing in this case. Accordingly, the trial court erred in granting summary judgment in favor of Fannie Mae as against Mr. McFerren.

{¶35} Mr. McFerren's second assignment of error is sustained.

### <u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. MCFERREN] BY GRANTING [FANNIE MAE'S] MOTION FOR SUMMARY JUDGMENT EVEN THOUGH [FANNIE MAE] FAILED TO PROVE THAT IT SATISFIED ALL CONDITIONS PRECEDENT MANDATED BY THE NATIONAL HOUSING ACT OF 1934 (12 U.S.C. § 1701 ET SEQ.) AND 42 U.S.C. §3534(a).

### <u>ASSIGNMENT OF ERROR NO. 3</u>

THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. MCFERREN] BY GRANTING [FANNIE MAE'S] MOTION FOR SUMMARY JUDGMENT BASED UPON THE PRESENCE OF GENUINE ISSUES OF MATERIAL FACT REGARDING [FANNIE MAE'S] FAILURE TO PROVIDE SUFFICIENT EVIDENCE OF ENTITLEMENT TO FORECLOSURE AND/OR DAMAGES.

**{¶36}** In Mr. McFerren's remaining assignments of error, he asserts that the trial court erred when it granted summary judgment in favor of Fannie Mae because it did not establish that 1) the conditions precedent had been satisfied, and 2) the note was in default. Based upon the resolution of the second assignment of error, this Court declines to address Mr. McFerren's first and third assignments of error as they have been rendered moot. *See* App.R. 12(A)(1)(c).

### III.

**{¶37}** Garrick McFerren's second assignment of error is sustained and this Court declines to address his first and third assignments of error. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
CONCURS.

HENSAL, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

A. CLIFFORD THORNTON, JR., Attorney at Law, for Appellant.

DAVID A. LOCKSHAW, JR., Attorney at Law, for Appellee.