**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAUL A. MOSELEY,

        Plaintiff - Appellant,

  v.

CITIMORTGAGE INC,

        Defendant - Appellee.

No. 12-35090

D.C. No. 3:11-cv-05349-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted March 10, 2014[**]

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

    Paul A. Moseley appeals pro se from the district court's summary judgment

in his action challenging his mortgage obligations. We have jurisdiction under 28

U.S.C. § 1291. We review de novo, *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d

1061, 1064 (9th Cir. 2002) (en banc), and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Moseley's various federal and state law claims because Moseley failed to raise a genuine dispute of material fact as to whether the loan transaction at issue was fraudulent, void, or subject to rescission, and whether defendant violated any of its legal obligations regarding loan disclosures or loan servicing. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (party opposing summary judgment must come forward with significant probative evidence as to each element of the claim on which it bears the burden of proof); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986) (averments in a pleading are not sufficient to create a triable dispute of fact to defeat summary judgment).

The district court did not abuse its discretion by partially granting defendant's motion for attorney's fees because the Deed of Trust entitled it to attorney's fees as the prevailing party in any action regarding its terms. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1011 (9th Cir. 2004) (setting forth standard of review); *see also King v. W. United Assur. Co.*, 997 P.2d 1007, 1010 (Wash. Ct. App. 2000) (prevailing party in an action brought to declare invalid the provisions of a promissory note is entitled to contractual attorney's fees). Moreover, the district court declined to impose attorney's fees that would require a finding that Moseley's claims were frivolous or pursued in bad faith.

Moseley's contentions regarding opposing counsel's alleged submission of fabricated evidence and other improper conduct; the district court's denial of oral argument before granting summary judgment; the application of the Supremacy Clause and the Equal Protection Clause; and the level of lenience owed to him as a pro se litigant, are unpersuasive.

Moseley's "Motion to Vacate Summary Judgment and Renew Plaintiff's Motion to Compel for Admission of Documents," filed on March 22, 2013, and his request for attorney's fees and costs incurred in this appeal, set forth in his reply brief, are denied.

Defendant's request for attorney's fees and costs incurred on appeal, set forth in its answering brief, is denied without prejudice. *See* Fed. R. App. P. 38.

**AFFIRMED.**