**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAUL MOSELEY,

      Plaintiff-Appellant,

v.

CITIMORTGAGE INC.,

      Defendant-Appellee.

No. 15-35210

D.C. No. 3:14-cv-05802-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Paul Moseley appeals pro se from the district court's judgment dismissing

his action alleging state and federal claims arising from defendant's alleged

improper failure to discharge his mortgage loan. We have jurisdiction under 28

U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claim under Federal Rule of Civil Procedure 12(b)(6), and we may affirm on any ground supported by the record. *Hooks v. Kitsap Tenant Support Servs., Inc.*, 816 F.3d 550, 554 (9th Cir. 2016). We affirm.

The district court properly dismissed Moseley's claim under Washington Uniform Commercial Code § 3-603 because Moseley is neither an indorser nor an accommodation party under the deed of trust, and because a personal check with "ETF Only" written on it does not constitute an unconditional tender. *See* Wash. Rev. Code § 62A.3-603(b) ("If tender of a payment of an obligation to pay an instrument is made . . . and the tender is refused, there is a discharge, to the extent of the amount of the tender, *of the obligation of an indorser or accommodation party* having right of recourse with respect to the obligation to which the tender relates." (emphasis added)); *id.* § 62A.3-204(b) (defining "indorser"); *id.* § 62A.3-419 (discussing "accommodation party"); *see also* Wash. Rev. Code § 62A.3-106(a) ("[A] promise . . . is unconditional unless it states . . . an express condition to payment . . . ."); *Jones v. Best*, 950 P.2d 1, 6-7 (Wash. 1998) (en banc) ("We have held that tender of the amount due must be unconditional in order to stop interest from running.").

We lack jurisdiction to consider the district court's award of attorney's fees. *See Hunt v. City of Los Angeles*, 638 F.3d 703, 719 (9th Cir. 2011) ("[A]

supplemental notice of appeal is required for us to have jurisdiction over an attorney fees issue that becomes final subsequent to the initial notice of appeal." (citation and emphasis omitted)).

Moseley's motion to strike CitiMortgage's answering brief, filed on November 9, 2015, and request for a mandatory judicial notice, filed on December 4, 2015, are denied.

**AFFIRMED.**